UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MISSIONARY G. A. BREEDLOVE,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>CITY OF ATLANTA and LAND BANK AUTHORITY,<br><br>　　　Defendants. | CIVIL ACTION NO.<br>1:20-cv-05277-JPB |

## **ORDER**

This matter comes before the Court on Defendant City of Atlanta's (the "City") omnibus motion, which seeks various relief, including dismissal of pro se Plaintiff Missionary G. A. Breedlove's ("Breedlove") Complaint. ECF No. 6. After due consideration of the motion, the Court finds as follows:

Breedlove's Complaint is in the format of a memo addressed to numerous persons and misidentified entities, including the "Superior Court of Atlanta," the "U.S. Dept. of Fulton County District" and several Georgia politicians.

The first sentence of the Complaint states as follows: "Call to action discovery Justice from Injustice, 18 years of pain and suffering from false arrest of breaking police violations and city codes of wrong suspects on someone else property I ask for a settlement of 600 million dollars from a old case number

103CV998-103CV3999." ECF No. 1, p. 2 (errors in original). The Complaint is rambling and incoherent and includes a sixty-five-page document titled "The Chosen Book of Truth Explosion: Inside a Poverty Community, Memoir of Social Activist G. A. Breedlove." At times, it appears that Breedlove is speaking on behalf of her neighborhood.

Significantly, the Complaint does not contain jurisdictional allegations or list any causes of action. It also does not identify which allegations relate to which of the two defendants.

The City moves to dismiss the Complaint on the following grounds: failure to comply with Federal Rules of Civil Procedure 8 (short statement showing the pleader is entitled to relief) and 10 (allegations set forth in numbered paragraphs); municipal immunity; statute of limitations; and insufficient service of process.

As set forth in the Court's August 18, 2021 Order, the Court will deem the City's motion unopposed because Breedlove failed to respond to it after being given two extensions to do so.

But before the Court may address the merits of the City's motion, the Court must be satisfied that it has jurisdiction to hear the case. *See Cuban Am. Bar Ass'n, Inc. v. Christopher*, 43 F.3d 1412, 1422–23 (11th Cir. 1995). This inquiry is

required, "even if no party raises the jurisdictional issue and both parties are prepared to concede it." *Id*.

Here, in addition to the infirmities in the Complaint that the City identifies, the Complaint does not provide even the most basic facts to demonstrate that personal jurisdiction, subject matter jurisdiction and venue are proper in this Court. Nor does it show the grounds for relief.

While the Court recognizes its obligation to read the Complaint liberally because Breedlove is *pro se*, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), this policy does not convert the Court into *de facto* counsel for Breedlove or allow the Court to rewrite her deficient pleadings, *see GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

In the interests of justice, *see* Federal Rule of Civil Procedure 15(a)(2), however, the Court will permit Breedlove an opportunity to amend her Complaint. Accordingly, the City's omnibus motion, ECF No. 6, is **DENIED** without prejudice.

Breedlove is hereby **DIRECTED** to file an amended complaint within *twenty-one days* of the date of this Order. At a minimum, the amended pleading must include:

1. A description of the parties, including the factual basis for subject matter jurisdiction, personal jurisdiction and venue in this Court;

2.     A background section stating the facts relevant to all claims, presented in individually numbered paragraphs;

3.     A separate section for each cause of action that sets forth in individually numbered paragraphs the legal elements of the cause of action and the relevant facts showing an entitlement to relief for such cause of action; and

4.     A summary of the relief sought.

The Court notes that these instructions do not supersede Breedlove's obligation to comply with the requirements of any applicable Federal Rules of Civil Procedure, including Rules 8 and 10.

**SO ORDERED** this 25th day of August, 2021.

_____
J. P. BOULEE
United States District Judge